IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **INFINIUM BUILDERS LLC and KE HOLDINGS LLC d/b/a ASCENT CONSTRUCTION, ENRIQUE SELMAN, and JEAN LAFITTE BUILDERS LLC f/k/a JEAN LAFITTE DESIGNS LLC, on Behalf of Themselves and All Others Similarly Situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**METROPOLITAN GOVERNMENT OF NASHVILLE & DAVIDSON COUNTY,**<br><br>Defendant. | Case No. 3:23-cv-00924<br>Judge Aleta A. Trauger |

**MEMORANDUM and ORDER**

The Metropolitan Government of Nashville & Davidson County ("Metro") has filed a Motion for Certificate of Appealability for Interlocutory Appeal ("Motion to Certify") (Doc. No. 137), to which the plaintiffs have filed a Response (Doc. No. 138), indicating that they do not oppose the motion. For the reasons set out herein, Metro's motion will be granted.

**I.  BACKGROUND**

The plaintiffs are builders and developers who seek injunctive relief and damages related to the enforcement of the Metro Sidewalk Ordinance ("Sidewalk Ordinance"), BL2019-1659, codified at Metro. Code § 17.20.120 *et seq.*, and "the misuse of funds paid pursuant to the Sidewalk Ordinance." (Doc. No. 105, Second Amended Complaint ("SAC") ¶ 11.) The SAC asserts claims against Metro (1) for unconstitutional "takings" in violation of the Fifth Amendment and (2) for failing to provide a procedure for seeking a refund of unallocated funds paid by the plaintiffs into

the Metro "Sidewalk Fund," in violation of their Fourteenth Amendment right to due process. On August 8, 2025, the court issued a Memorandum and Order granting in part Metro's Motion for Summary Judgment. (Doc. Nos. 135, 136.) Specifically, the court found that (1) plaintiff Infinium Builders LLC lacks standing to bring a takings claim; (2) the plaintiffs' due process claims fail on the facts alleged; and (3) many of the plaintiffs' individual takings claims, including all claims brought by plaintiff Enrique Selman, are barred by the one-year statute of limitations, but some of the claims asserted by plaintiffs KE Holdings LLC d/b/a Ascent Construction and Jean Lafitte Builders LLC f/k/a Jean Lafitte Designs LLC are not time-barred. (*See generally* Doc. No. 135.) With respect to those claims that are not time-barred, the court held that jurisdictional ripeness was not an issue and that the plaintiffs established prudential ripeness, because Metro had "reached a final decision regarding the application of the [Sidewalk Ordinance] to the propert[ies] at issue." (*Id.* at 16 (quoting *Jackson v. City of Cleveland*, 925 F.3d 793, 807 (6th Cir. 2019)).) Second, the court rejected Metro's argument that the claims were barred by the voluntary payment doctrine, holding that "the mere fact that the plaintiffs paid the in-lieu fee [into the Sidewalk Fund] in order to obtain a building permit, without formally protesting or objecting," did not establish voluntary payment and did not bar their takings claims. (*Id.* at 17.)

Within fourteen days after entry of the Memorandum and accompanying Order (Doc. No. 136), Metro filed its present Motion to Certify. Citing 28 U.S.C. § 1292(b), Metro asks the court for a certificate of appealability, which would allow it to apply to the Sixth Circuit Court of Appeals for an interlocutory appeal. Metro identifies two questions that, it argues, justify an interlocutory appeal:

> 1. Whether Plaintiffs' failure to seek a discretionary allowance exempting them from the Sidewalk Ordinance through application for a waiver or variance renders Plaintiffs' takings claim unripe.
>
> 2. Whether Plaintiffs' payment of an in-lieu fee without any attempt to seek a discretionary allowance severed any avenue for Metro to clarify or change its position and amounted to a voluntary transaction, not a compelled taking.

(Doc. No. 137 at 2.) The court will refer to these as (1) the "ripeness question" and (2) the "voluntary payment question."

## II. LEGAL STANDARD

Except under narrow, statutorily defined circumstances, a litigant has no immediate right to appeal an interlocutory district court order. *See* 28 U.S.C. §§ 1291 (permitting appellate review of "final decisions"), 1292(a) (describing circumstances in which appeal of interlocutory decisions is permitted). However, if the district judge issuing an otherwise non-appealable interlocutory order is "of the opinion that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." *Id.* § 1292(b). If a district judge makes all three of these findings and "certifies" the interlocutory order for immediate appeal, then the appellate court may exercise its discretion to review the issue. *Id.*; *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022).

## III. ANALYSIS

### A. Controlling Questions of Law

This element requires that the issue or issues identified be "questions of law" (rather than questions of fact) and that they be "controlling." 28 U.S.C. § 1292(b). A legal issue is controlling if it "could materially affect the outcome of the case." *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (quoting *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002)).

As set forth above, the defendant advances two issues on which it seeks interlocutory appeal. The plaintiffs agree that both the ripeness question and the voluntary payment question are controlling questions of law because, if either had been decided differently, the individual plaintiffs' claims "would no longer be viable." (Doc. No. 138 at 2.)

The court agrees. In ruling on the Motion for Summary Judgment, the court held, purely as a matter of law, that the plaintiffs "achieved finality when they were assessed a fee in exchange for a building permit, paid the fee, and were issued a building permit" and, therefore, that their claims are ripe. (Doc. No. 135 at 14.) If the court had reached a contrary conclusion, the remaining plaintiffs' individual takings claims would have been dismissed on prudential ripeness grounds. The ripeness question, therefore, is a "controlling question of law" for purposes of § 1292(b).

The court also declined, as a matter of law, to apply the "voluntary payment" doctrine to bar the plaintiffs' takings claim, finding that the doctrine does not apply in the context of unconstitutional-conditions takings claims. (*Id.* at 17.) Like the ripeness conclusion, this determination is controlling, as a contrary holding would have led to summary judgment for Metro.

**B.      Substantial Ground for Difference of Opinion**

"A substantial ground for difference of opinion exists whe[n] reasonable jurists might disagree on an issue's resolution, not merely whe[n] they have already disagreed." *MRP Props. Co. v. United States*, 607 F. Supp. 3d 747, 751–52 (E.D. Mich. 2022) (quoting *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). The Sixth Circuit has provided little guidance on this element, but district courts in this circuit have typically interpreted "a substantial ground for difference of opinion . . . regarding the correctness of the decision' to mean when (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the

circuits are split on the question." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (internal quotation marks and citation omitted).

In denying summary judgment on this ground, the court outlined the general principles concerning the ripeness of takings claims as follows:

> Generally, "a takings claim challenging the application of land-use regulations is not ripe"—has not accrued—"unless 'the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue.'" *Palazzolo v. Rhode Island*, 533 U.S. 606, 618 (2001) (quoting *Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank*, 473 U.S. 172, 186 (1985), *overruled on other grounds by Knick v. Twp. of Scott*, 588 U.S. 180 (2019)). Although *Knick* overruled *Williamson County*'s state-court-exhaustion requirement, the Supreme Court has recognized that *Knick* "left untouched *Williamson County*'s alternative holding that plaintiffs may challenge only 'final' government decisions." *Pakdel v. City of San Francisco*, 594 U.S. 474, 477 (2021) (citing *Knick*, 588 U.S. at 188).

(Doc. No. 135 at 12.) In finding that the plaintiffs in this case satisfied the finality requirement, the court recognized an apparent circuit split as to whether the finality requirement applied at all to *per se* takings in the "land-use exaction" or "unconstitutional conditions" context. *Compare Fowler v. Guerin*, 899 F.3d 1112, 1117 (9th Cir. 2018) ("*Williamson County* applies only to regulatory, not *per se*, takings."), *with Barber v. Charter Twp. of Springfield*, 31 F.4th 382, 388 (6th Cir. 2022) (recognizing that, in the Sixth Circuit, *Williamson County*'s finality requirement applies "to both regulatory and physical takings claims" but that the "ripeness doctrine" has been "further sculpted" by courts "to fit the type of takings claim involved" (citations omitted)). The court also implicitly recognized a dearth of authority from the Sixth Circuit on how the requirement should be "sculpted" for application to unconstitutional-conditions takings claims.

This issue is somewhat intertwined with the voluntary payment question. Metro relies on both to posit that the plaintiffs' "voluntary" payment of the in-lieu fee, without protesting or appealing, constitutes a bar to recovery. The court finds that the issues presented are difficult and

novel, at least in the Sixth Circuit. A substantial ground for difference of opinion exists as to both the ripeness question and the voluntary payment question.

### C. Materially Advance the Termination of Litigation

The court must next consider whether "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). If the Sixth Circuit finds that the plaintiffs' takings claims are unripe or barred by the voluntary payment doctrine, this litigation would terminate. Even if the Sixth Circuit affirms, a decision on this issue would likely make resolution of the remaining issues shorter and less complex. As the plaintiffs point out, Metro may be more interested in settling if it knows that these issues will not ultimately be resolved in its favor. (*See* Doc. No. 138 at 3.)

### D. Whether to Stay

Section 1292(b) permits, but does not require, the court to stay proceedings while a party seeks an interlocutory appeal. A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When considering whether to stay proceedings pending the resolution of an appeal, courts typically consider "(1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies." *Baker v. Adams Cty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002).

Neither party here requests a stay, and they have not briefed these factors. The court, accordingly, will not issue a stay at this time but will consider in due course any properly filed motion to stay.

## IV. CONCLUSION AND ORDER

As set forth above, the court finds that the two issues on which it denied summary judgment to Metro constitute "controlling question[s] of law as to which there is substantial ground for difference of opinion and that an immediate appeal" from that part of this court's Memorandum and Order denying in part Metro's Motion for Summary Judgment (Doc. Nos. 135, 136) "may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b). The court therefore **GRANTS** Metro's Motion to Certify (Doc. No. 137) and **CERTIFIES** as appropriate for interlocutory appeal the following issues:

> 1. Whether Plaintiffs' failure to seek a discretionary allowance exempting them from the Sidewalk Ordinance through application for a waiver or variance renders Plaintiffs' takings claim unripe.
>
> 2. Whether Plaintiffs' payment of an in-lieu fee without any attempt to seek a discretionary allowance severed any avenue for Metro to clarify or change its position and amounted to a voluntary transaction, not a compelled taking.

(Doc. No. 137 at 2.)

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge